■ ROSE SAVINO, as Executrix of THOMAS M. SAVINO, Deceased, Respondent, v PRECISION TESTING & BALANCING, INC., Appellant, et al., Defendants. [859 NYS2d 636]—

Appeal from order, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered on or about September 29, 2007, which, to the extent appealed from, granted plaintiff's motion for summary judgment against defendant Precision Testing & Balancing, Inc., deemed to be an appeal from judgment, same court and Justice, entered on or about October 18, 2007 (CPLR 5501 [c]), and so considered, said judgment unanimously reversed, on the law, without costs, the judgment vacated, the motion denied with leave to renew, and the matter remanded for further proceedings in accordance herewith.

In this action for breach of contract brought by the wife of a

deceased shareholder of defendant corporation, the shareholders' agreement provided that upon the death of the first shareholder, the corporation was required to purchase from the deceased shareholder's personal representative all the capital stock owned by the decedent at the time of his death. According to the agreement, the closing on the redemption was to take place "on the 30th day after the appointment of a personal representative of the deceased shareholder," unless the parties agreed otherwise.

After the decedent's death in 2001, plaintiff and her attorney sent letters to defendants on several occasions identifying plaintiff as the decedent's personal representative and requesting payment from defendant corporation. Defendants refused payment, with the corporate defendant taking the position that its obligation to pay was never triggered because plaintiff never submitted proof of her status as the decedent's personal representative, despite multiple requests.

Plaintiff commenced the instant action in 2006, and defendants answered and counterclaimed for a setoff based on the decedent's alleged negligent failure to maintain a life insurance policy, which would have funded, at least in part, the redemption payable by the corporation. All parties moved for summary judgment, and plaintiff, in her reply papers, allegedly produced letters testamentary issued to her. On appeal, defendant corporation denies that plaintiff has produced any proof of her status as personal representative, and the letters purportedly submitted are not included in the record on appeal.[1] Supreme Court granted plaintiff's motion for summary judgment and denied the corporate defendant's cross motion, finding that plaintiff had submitted sufficient evidence establishing herself as the personal representative of the deceased. The court declined to rule on the corporate defendant's counterclaim for a setoff, holding that no motion relating to such claim was before it.[2]

Plaintiff's motion for summary judgment against defendant corporation should have been denied. Under the agreement, defendant's obligation to close only ripened "on the 30th day after the appointment of a personal representative of the deceased shareholder," and there is no evidence in this record when that appointment occurred, if at all. Even if we accepted the repre-

1. While it is the appellant's obligation to compile the record on appeal (CPLR 5530 [a]), a dissatisfied respondent may move to strike or expand the record.

2. The court also granted the individual defendants' motions for summary judgment.

sentation in plaintiff's bill of particulars that letters testamentary were issued to her, such evidence was not produced until well into this litigation, effectively depriving defendant of any opportunity to close on the transaction in accordance with the agreement. While plaintiff's alleged belated submission of the letters may have justified denial of the corporate defendant's dismissal motion, it did not establish, as a matter of law, any prior breach of the agreement by such defendant that would warrant summary relief.

Accordingly, the matter must be remanded for further proceedings. Plaintiff is directed to produce evidence of her status as personal representative, and, if successful, defendant should be afforded 30 days either to close in accordance with the terms of the agreement or to continue its defense of the action. We nostra sponte grant leave to plaintiff to renew her motion for summary judgment in the event defendant chooses the latter course.

Although the motion court declined to rule on the set-off issue, upon a search of the record we hold that defendant failed to raise an issue of fact whether it is entitled to a setoff based on the decedent's alleged negligence in permitting the insurance policy on his life to lapse. Under the agreement, maintenance of the insurance policy was neither included in the decedent's duties as an employee nor a prerequisite to payment of the death benefit (see Chesapeake Ins. Co. v Curiale, 210 AD2d 91, 93 [1994]).

In light of our vacatur of the judgment, it is unnecessary to address defendant's arguments concerning the alleged errors in the judgment. We have considered defendant's remaining contentions and find them unavailing. Concur—Saxe, J.P., Gonzalez, Nardelli and McGuire, JJ.